NEW YORK AMERICAN, INC., Plaintiff, *v.* HUB ADVERTISING AGENCY, INC., and Another, Defendants.

City Court of New York, New York County, March 5, 1930.

*William A. De Ford* [*H. J. McCarthy* of counsel], for the plaintiff.

*Emanuel Morganlander*, for the defendant King.

RYAN, J. On March 22, 1928, the defendant Harry C. King, Jacob Josin and Edward H. Loeser filed a certificate to conduct business under the name and style of Hub Advertising Agency. Thereafter, and on April 2, 1928, said defendant Harry C. King executed and delivered to the plaintiff a guaranty in writing, of which the following is a copy: " Hub Advertising Agency. Newspaper Advertising. Bronx Hub Bldg., 354 East 149th Street, Suite 5, New York. April 2nd, 1928. Mr. Peyton, ℅ N. Y. American, South Street, N. Y. Dear Sir: The following is the

financial statement of the Hub Advertising Agency as of April 1st, 1928: Assets: Cash in Bank (deposited in Public National Bank, Burnside Branch), $7,500.00; Furniture, fixtures, deposit, etc., $500. Total $8,000. Liabilities: None. I hereby give you my personal guarantee that I will be responsible for the payment of all bills for advertising placed by the Hub Advertising Agency. Very truly yours, H. C. King. Copy to: N. Y. Telegram (Mr. Cozzens), N. Y. Times (Mr. Kirschner)."

Subsequently, and on or about July 19, 1928, a corporation was organized under the name of Hub Advertising Agency, Inc., and the directors named in the certificate of incorporation as filed were the same persons above named, including said guarantor. The plaintiff in this case continued to do business with the Hub Advertising Agency, Inc., and accepted numerous checks, a number of which were received in evidence, all of which are signed with the corporate name in small type and signed by the treasurer. Judgment has been obtained against the corporate entity and plaintiff now seeks to recover upon the guaranty.

Does the guaranty under the circumstances disclosed extend to the corporation which concededly carried on the same business at the same address, under the same name, except with the letters " Inc." added, and the directors and stockholders of which were the same persons who conducted the business? I am of the opinion that the answer must be in the affirmative. The change from the partnership to the corporation was not only known to the defendant King, who was the guarantor, but he actually participated in the change to the corporate entity and became a stockholder and director without at any time having given notice to the plaintiff of the changed conditions, although the plaintiff continued to furnish credit. It is urged that the giving of the several checks in payment of bills rendered by the defendant with the letters " Inc." after the name operated as notice to the plaintiff of the changed conditions, but under the circumstances disclosed in this case such a suggestion is hardly tenable. It seems to me that it was incumbent upon the guarantor, if he desired to withdraw his guaranty after the formation of the corporation, to notify the plaintiff of the change, and not having done so, he is estopped from using the cloak of a corporate entity to which he himself was a party to relieve him of any liability under his written agreement. At the conclusion of the testimony both sides moved for a direction of verdict.

Plaintiff's motion is granted, and judgment directed in favor of plaintiff for the amount demanded in the complaint. Exception to defendant. Fifteen days' stay; thirty days to make a case.